UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. SILVA, | 1:18-cv-00044-AWI-EPG (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| HELEN SNEED, *et al.*, | THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |
| Defendants. | |

Justin J. Silva ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 10, 2018. (ECF No. 1). Plaintiff claims that his right to be free of cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution was violated when his medications were misconstrued and miscommunicated between prison officials.[1]

---

[1] The Court notes that it is unable to determine whether Plaintiff was a pretrial detainee or if he had already been convicted at the time of the incidents alleged in the complaint. As Plaintiff brings this action under the Eighth Amendment, the Court will analyze Plaintiff's claim under the Eighth Amendment. However, the Fourteenth Amendment applies to pretrial detainees' claims of constitutionally inadequate medical treatment. Bell v. Wolfish, 441 U.S. 520, 537 n. 16 (1979); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). Both legal standards will provided below in order to provide Plaintiff with the correct legal standard if he chooses to amend his Complaint.

1

This Court has screened Plaintiff's Complaint and finds that it fails to state a claim as to any defendant. This order provides an explanation of the relevant law to inform Plaintiff should he desire to file an amended complaint. Plaintiff may file an amended complaint attempting to state a claim within thirty days, if he so chooses. If Plaintiff chooses not to file an amended complaint, this Court will dismiss Plaintiff's case for failure to state a cognizable claim.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679.

\\\

\\\

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that the administration of his medication is being misconstrued and miscommunicated between nursing staff and Kings County Jail's mental health doctor, Dr. Villosa. Prior to his incarceration, Plaintiff had surgery to remove brain cancer. He suffers from mental illness, including bipolar disorder. Plaintiff is prone to "manic" episodes and is unable to handle stressful situations. He takes a medication, Lorazepam, to prevent agitation.

Plaintiff complains that nurses are deciding that he does not need medications prescribed by a psychiatrist prior to being incarcerated on January 30, 2017. He alleges that the pill bottle states that he must take the medicine "as needed," but the jail staff is not adhering to the prescription. When Plaintiff does not receive the medication as needed, he alleges that he becomes agitated and "then display[s] bad behavior resulting in write ups and lockdowns." Plaintiff requests $500,000 in damages for cruel and unusual punishment.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed

to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

### B. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal

quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

If the plaintiff is a pretrial detainee who was not convicted of criminal offense at the time of the alleged deprivation, "the Ninth Circuit has now clarified that a less stringent formulation of the 'deliberate indifference' standard … applies to pretrial detainees." Atayde v. Napa State Hosp., 255 F. Supp. 3d 978, 990 n.2 (E.D. Cal. 2017) (citing Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1068-71 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017)). "Plaintiffs may claim deliberate indifference under the Fourteenth Amendment by alleging: (i) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a 'substantial risk of serious harm'; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have

appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries." Id. (citing Castro, 833 F.3d at 1068–71). "Thus, while a plaintiff bringing a deliberate indifference under the Eighth Amendment must allege an objectively serious deprivation and a subjectively culpable state of mind on the part of the defendant, a plaintiff asserting deliberate indifference under the Fourteenth Amendment 'need not prove those subjective elements about the [defendant's] actual awareness of the level of risk.'" Id. n.2 (citing Castro, 833 F.3d at 1070–71).

### C. Application to Plaintiff's Complaint

Plaintiff's allegations do not state a claim for deliberate indifference to serious medical needs under these legal standards. Plaintiff alleges that he disagrees with the medical staff about when he should be receiving his medication. When he does not receive it at the time he believes is appropriate, he becomes agitated and acts out.

What Plaintiff alleges does not amount to a violation of the constitution. Plaintiff disagrees with his medical providers about the proper timing of his medication. Whether the medical decisions of his medical providers are right or wrong, the allegations only show that that there is a disagreement between Plaintiff the medical providers concerning the administration of his prescription, which --as presently alleged-- is not an actionable Constitutional claim. See Sanchez, 891 F.2d at 242; Toguchi, 391 F.3d at 1058.

If Plaintiff believes that his medical providers are actually intentionally disregarding his need for medication for his serious medical condition, Plaintiff should allege additional, more specific facts indicating that the conduct of the medical providers is exposing him to a substantial risk of harm. For example, Plaintiff should allege more details concerning the medications that were prescribed and the medical need they were supposed to address. He should describe what he gave or told defendants about that need, and also their response. If Defendants gave any reason for not providing the medication, Plaintiff should include that as well. Again, Plaintiff would need to include facts indicating that medical professionals believe he needs his medication but are refusing to give it to him.

Finally, Plaintiff does not name an appropriate defendant. Plaintiff has named only entities and no individual defendants. Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell, 436 U.S. at 691, 695.

If Plaintiff amends his complaint, he needs to describe who in particular was supposed to give him medications but is refusing to do so.

**IV.   CONCLUSION**

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under section 1983. The Court will dismiss this complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete

in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office is directed to send Plaintiff a civil rights complaint form;
3. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00044-AWI-EPG; and
5. If Plaintiff fails to file an amended complaint within 30 days of the date of service of this order the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **February 13, 2018**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE