UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. SILVA,<br><br>        Plaintiff,<br><br>    v.<br><br>HELEN SNEED, *et al*.,<br><br>        Defendants. | Case No. 1:18-cv-00044-DAD-JDP<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF THE COURT'S SCREENING ORDER<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On February 13, the court screened plaintiff's original complaint, ECF No. 1, and found that he failed to state a claim, ECF No. 9. The court allowed plaintiff to file a first amended complaint but advised him that "an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." ECF No. 9, at 8-9.

1

On March 3, 2018, plaintiff filed a first amended complaint[1] that failed to comply with the court's order. ECF No. 11. Instead of restating the factual allegations of his original complaint, plaintiff repeatedly referred to his prior pleading. *Id.* at 3, 4 (describing factual allegations as "Same as original complaint"). Because plaintiff has not restated the facts alleged in his original complaint, he has failed to state a claim upon which relief can be granted. The court will direct plaintiff to show cause why this case should not be dismissed for failure to obey a court order and failure to state a claim. The court will grant plaintiff leave to file an amended complaint within 30 days of this order.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights, *see Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The amended complaint must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is liable only for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement of the allegations in chronological order will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the prior complaint and any associated attachments no longer serve any function in the case.

---

[1] Plaintiff subsequently filed two exhibits "to be added to the current complaint." ECF No. 13; ECF No. 15.
[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**ORDER**

Accordingly,

1. Plaintiff is ordered to show cause as to why this case should not be dismissed for failure to state a claim and failure to obey a court order. Within thirty (30) days from the date of service of this order, plaintiff must file a written response to this order. Plaintiff may also respond to this order by filing an appropriate amended complaint as explained in the court's screening order.

2. The clerk of court is directed to send plaintiff a copy of the court's February 13, 2018 screening order. ECF No. 9.

3. Should plaintiff choose to amend the complaint, plaintiff must caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-00044-DAD-JDP.

4. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: October 19, 2018

UNITED STATES MAGISTRATE JUDGE