UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. SILVA,<br><br>    Plaintiff,<br><br> v.<br><br>HELEN SNEED, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00044-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE, TO STATE A CLAIM, AND TO COMPLY WITH COURT ORDERS<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On February 13, the court screened plaintiff's original complaint, ECF No. 1, and found that he failed to state a claim, ECF No. 9. The court allowed plaintiff to file a first amended complaint but advised him that "an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." ECF No. 9 at 8-9.

On March 3, 2018, plaintiff filed a first amended complaint[1] that failed to comply with the court's order. ECF No. 11. Instead of restating the factual allegations of his original complaint, plaintiff repeatedly referred to his prior pleading. *Id.* at 3, 4 (describing factual allegations as

---

[1] Plaintiff subsequently filed two exhibits "to be added to the current complaint." ECF No. 13; ECF No. 15.

1

"Same as original complaint"). Because plaintiff did not restate the facts alleged in his original complaint, he again failed to state a claim upon which relief can be granted. Accordingly, on October 19, 2018, the court directed plaintiff to show cause why this case should not be dismissed for failure to obey a court order and failure to state a claim. ECF No. 16. The court granted plaintiff leave to file an amended complaint within thirty days. *Id.* Thirty days have passed, and plaintiff failed to respond, thereby violating the court's order.

The court may dismiss a case brought by a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A(a). Here, the court twice found that plaintiff failed to state a claim, ECF No. 9; ECF No. 16, so the case may be dismissed on this basis.

The court may also dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss the case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's incarceration and *in forma pauperis* status, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. While dismissal is a harsh sanction, the court has already found that plaintiff's complaint failed to state a claim. *See* ECF No. 9; ECF No. 16

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate. The court will recommend dismissal without prejudice.

**Findings and Recommendations**

The court recommends that the case be dismissed without prejudice for plaintiff's failures to state a claim, to prosecute, and to comply with court orders.

The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     December 12, 2018                                  /s/ Jeremy Peterson
                                                           UNITED STATES MAGISTRATE JUDGE